IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Ann L. Moore, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No. |
| Portfolio Recovery Associates, LLC, a Delaware limited liability company, and Greene & Cooper, LLP, a Kentucky limited liability partnership, | ) ) ) ) )   3:08-cv-0107-RLY-WGH |
|     Defendants. | )   <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Ann L. Moore, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a declaration that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

3. Plaintiff, Ann L. Moore ("Moore"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to Capital One Bank, but now allegedly owed to Portfolio Recovery Associates, LLC.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Moore.

5. Defendant PRA is a debt scavenger that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect, via collection law firms, like Defendant Greene & Cooper, LLC. PRA often has no documentary proof to support the validity of the debts that it purchases -- a type of debt the media has recently termed "Zombie Debt".

6. Defendant, Greene & Cooper, LLP ("Greene"), is a Kentucky limited liability partnership and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Defendant Greene was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Moore.

## FACTUAL ALLEGATIONS

7. Ms. Moore is an elderly woman with a very limited income who fell behind on paying her bills. One such debt that she was unable to pay was a debt she owed originally to Capital One Bank. Accordingly, her debt became delinquent and the Capital One Bank debt was sold to Defendant PRA for pennies on the dollar.

8. Defendant PRA sent Ms. Moore an initial form collection letter, dated May 9, 2008, demanding payment of the debt originally owed to Capital One Bank, which stated that the account balance as of May 9, 2008 was $5,882.18.  A copy of this letter is attached as Exhibit A.

9. Accordingly, Ms. Moore sought the assistance of the legal aid attorneys at the Indiana Legal Services, Inc., regarding her financial difficulties.  On May 15, 2008, Ms. Moore's attorneys sent Defendant PRA a letter, via U.S. Certified Mail, Return Receipt Requested, advising it that Ms. Moore was represented by an attorney and to cease communication with Ms. Moore.  As shown by the return receipt, Defendant PRA received this letter on May 20, 2008.  A copy of the letter and return receipt are attached as Exhibits B and C, respectively.

10. Despite Ms. Moore being represented by an attorney regarding this matter, Defendants sent a letter, dated July 2, 2008, directly to Ms. Moore, demanding payment of the debt at issue.  Moreover, this letter stated that Ms. Moore now allegedly owed $8,118.29 -- or $2,236 more than she allegedly owed a little less than two months before.  A copy of this letter is attached as Exhibit D.

11. All of the collection actions at issue occurred within one year of the date of this Complaint.

12. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

15. Defendants knew that Ms. Moore was represented by counsel in connection with this debt because her attorneys sent Defendant PRA a letter advising it that Ms. Moore was represented by an attorney. By sending the July 2, 2008 letter (Exhibit D) directly to Ms. Moore -- despite being advised that Ms. Moore was represented by counsel -- Defendants violated § 1692c(a)(2) of the FDCPA.

16. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections After Direction To Cease
### Communications And A Refusal To Pay

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. Here, the May 15, 2008 letter from Ms. Moore's attorney (Exhibit B) told Defendants to cease communications and that she refused to pay the debt. By

continuing to communicate regarding this debt, and demanding payment, Defendants violated § 1692c(c) of the FDCPA

19.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692e Of The FDCPA --
### False Statement About The Amount Of The Debt

20.     Plaintiff adopts and realleges ¶¶ 1-12.

21.     Section 1692e of the FDCPA prohibits Defendants from making any false, deceptive or misleading statements, including but not limited to, falsely representing the character, amount or legal status of any debt.  See, 15 U.S.C. § 1692e(2)(A).

22.     Defendants violated this provision by, including, but not limited to:

    A)   Defendant PRA falsely stating either to Ms. Moore in its initial letter (Exhibit A), or in its second letter to Ms. Moore, through Defendant Greene (Exhibit D), the amount of the debt;

    B)   Defendant PRA falsely represented to Defendant Greene the amount of the debt; and/or,

    C)   Defendant Greene falsely stated the amount of the debt in the letter to Ms. Greene (Exhibit D).

23.     Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Ann L. Moore, prays that this Court:

1. Declare that Defendants' debt collection practices violated the FDCPA;

2. Enter judgment in favor of Plaintiff Moore, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ann L. Moore, demands trial by jury.

Ann L. Moore,

By: *[signature]*
One of Plaintiff's Attorneys

Dated: July 16, 2008

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com

6